

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Saunders-El v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Saunders-El v. USA" (2005). *2005 Decisions.* Paper 531.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/531

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 04-2986 & 04-4755

_____

EDWARD B. SAUNDERS-EL,

Appellant

v.

THE UNITED STATES OF AMERICA; JUDGE DITTER;
JUDGES BECHTLE; SHAPIRO; DEBEVOISE, WEINER;
NAMED AND UNAMED CONSPIRATORS DEFENDANTS

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01625)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
August 4, 2005

BEFORE: ALITO, SMITH and COWEN, <u>CIRCUIT JUDGES</u>

(Filed: September 19, 2005)

_____

OPINION

_____

PER CURIAM

Edward Saunders-El, a <u>pro se</u> litigant, filed a complaint in which he alleged that

the defendant federal district court judges engaged in a conspiracy of racial and class-based discrimination in violation of his federal rights. Saunders-El claims that the judges violated his civil rights by, inter alia, denying habeas relief, dismissing numerous complaints, and adversely ruling on motions in previous civil actions that he filed. Saunders-El sought damages and injunctive relief.

The District Court found that Saunders-El's claims against the United States are barred by the doctrine of sovereign immunity. In addition, the court found that because all of the claims against the federal judges involved actions taken in their official judicial capacity, they are immune from suit. Thus, on June 11, 2004, the District Court sua sponte dismissed the complaint. Saunders-El timely filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Before the District Court ruled on the motion, Saunders-El filed a notice of appeal from the final judgment (C.A. No. 04-2986). Saunders-El filed several subsequent motions in the District Court. On December 20, 2004, the District Court denied all pending motions, and Saunders-El appealed that ruling (C.A. No. 04-4755). The appeals have been consolidated for disposition.

Saunders-El contends that the District Court improperly applied judicial immunity to his claims against the judges. See Br. at 3. It is well established that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." Dennis v. Sparks, 449 U.S. 24, 27 (1980). Here, the record indicates that the acts complained of– denying habeas relief, dismissing numerous complaints, and ruling on motions– were clearly all performed in the judges'

official capacity. Therefore, the judges are immune. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-73 (3d Cir. 2000). Accordingly, the District Court properly dismissed Saunders-El's civil rights claims.

We have fully considered all of the arguments raised by Saunders-El on appeal, and find that they lack merit and warrant no further discussion. For the foregoing reasons, we will affirm the District Court's judgment. Appellant's motion for recusal of Judges Smith and Cowen is denied. Appellees' motion for summary affirmance is denied as moot.